CALEB S. BENEDICT *v.* EDWARD STOW and another.

Action on certain bills protested for non-payment. Defence that plaintiff had agreed to renew the bills for three months from maturity, and proof of that fact and of tender by defendants of notes for the renewal. *Held,* that the obligation under the original bills was extinguished by novation, and that plaintiff could not recover, even with a stay of execution, till the expiration of the three months.

APPEAL from the Commercial Court of New Orleans, *Watts, J.*
*Benjamin,* for the plaintiff.

*Kennicott,* for the appellants.

MARTIN, J. The defendants being indebted to the plaintiff, the
latter drew two bills of exchange on them for the balance of their
account, which were accepted, but protested for non-payment.
Judgment was taken by default, and set aside. The defendants
then answered, admitting their acceptance of the bills, and aver-
ring that it was afterwards agreed between the parties, should the
defendants find the payment of the bills at their maturity inconve-
nient, they should be novated by the defendants' notes, payable
three months after the maturity of the bills, bearing interest at
seven per cent per annum; that the defendants availed themselves
of this agreement, and transmitted their notes accordingly, in due
time, to the plaintiff, in compliance with plaintiff's own request. With
a view to probe the conscience of the plaintiff, interrogatories
were propounded. Judgment was given against the defendants,
and they have appealed. The silence of the plaintiff, who forbore
to answer the interrogatories, clearly admits the defence set up.
His counsel has treated it as a dilatory exception, tending to show
that the defendants were not suable until the maturity of their
notes. The suit was evidently brought on the acceptances of the
bills of exchange. The defendants urged, not a *dilatory* but a
*peremptory* exception, to wit, that the obligation resulting from the
acceptances was extinguished by a novation. We are unable to
see on what ground our learned brother disregarded the defence
set up. The only reason he gives for his judgment is, that the
plaintiff had proved the allegations of his petition. He has suf-
fered the defence to pass absolutely unnoticed. It is true, the peti-
tion concludes with a tender of the notes sent for the renewal of
his claim on the bills; and the judge has thought that sufficient
justice would be done to the defendants, by directing that no ex-
ecution should be taken on his judgment, till the maturity of the
renewing notes. In our opinion he erred. The plaintiff's claim
was novated, and he was bound to wait the expiration of three
months from the maturity of the bills of exchange, according to

his agreement with the defendants, before he could urge his new claim on their notes.

It is therefore ordered and decreed, that the judgment be annulled, and reversed, and that there be judgment for the defendants, with costs in both courts.